# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| STEVEN BRAMLETT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 14 C 5939 |
| v. | ) | |
| | ) | Judge Jorge Alonso |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, Steven Bramlett, brings this action against defendants Cook County and its Sheriff, Thomas Dart, in his official capacity, under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, the Rehabilitation ("Rehab") Act, 29 U.S.C. § 794(a), and 42 U.S.C. § 1983, alleging violations of his statutory and constitutional rights to accommodation of his disability and adequate medical care while housed in Cook County Jail as a pretrial detainee. Defendants have moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

## ANALYSIS

Plaintiff alleges that he is wheelchair-bound and suffers from "several chronic medical conditions requiring acute care." (Compl. ¶¶ 2, 6.) From December 2013 to December 2014, he was a detainee at the Cook County Jail. (*Id*. ¶ 5.) He alleges that while he was detained the defendants ignored his requests for accommodation of his disability, which "caused him great difficulty when toileting, showering, transferring to his assigned bed, and accessing the common area facilities such as the dayroom table." (*Id*. ¶¶ 8-9.) Additionally, he alleges that he required "frequent access to catheters and regular wound care, including surgery," but due to

understaffing, "lack of special transportation vehicles," and "inadequate scheduling," he "suffered several urinary tract infections and frequently was deprived of access to wound care . . . [and] to Stroger Hospital for essential medical services." (*Id.* ¶¶ 13-15.)

Defendants contend that (1) plaintiff's § 1983 claim against Sheriff Dart should be dismissed because he fails to state a claim against the Sheriff in his official capacity; and (2) plaintiff's ADA/Rehab Act claim should be dismissed because he fails to allege that he was denied access to services.

I.  **Section 1983/Due Process Claim Against Sheriff Dart**

"Section 1983 creates a cause of action against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Blossom v. Dart*, 64 F. Supp. 3d 1158, 1161 (N.D. Ill. 2014) (quoting 42 U.S.C. § 1983). "The Due Process Clause of the Fourteenth Amendment prohibits 'deliberate indifference to the serious medical needs of pretrial detainees.'" *Pittman ex rel. Hamilton v. Cty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014) (quoting *Brownell v. Figel,* 950 F.2d 1285, 1289 (7th Cir.1991)). To sustain a § 1983 claim for denial of medical care, plaintiff must show that defendants knew that he had an objectively serious medical condition, defendants were deliberately indifferent to providing the treatment plaintiff needed, and their indifference caused plaintiff harm. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

Plaintiff claims that Sheriff Dart is liable for his deliberate indifference in his official capacity as Sheriff of Cook County. This is essentially a claim against the County itself. *See Crockwell v. Dart*, No. 13 C 4880, 2013 WL 6796788, at *2 (N.D. Ill. Dec. 23, 2013). The County may be liable if Sheriff Dart's deliberate indifference is caused by "(1) an official policy

adopted and promulgated by [the County's] officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)). Plaintiff's complaint refers to defendants' "widespread practices." (Compl. ¶¶ 10, 12.)

Defendants contend that plaintiff fails to state a claim against Sheriff Dart in his official capacity because (a) he does not identify a particular policy or practice that was the moving force behind his injuries and (b) defendant Cook County, not Sheriff Dart, is responsible for providing medical care to detainees.

### A. Municipal liability for causing plaintiff harm

Defendants argue that plaintiff does not plausibly allege that any particular policies or practices of defendants caused him harm. According to defendants, plaintiff concedes that he received medical care on "the third floor of the Cermak Infirmary" (Compl. ¶ 11), and he does not state specific facts from which the Court might infer that the care plaintiff received on the third floor of the Cermak infirmary was so inadequate to treat his serious medical conditions that it amounted to a policy or practice of deliberate indifference.

Numerous courts of this district have found that a disabled pretrial detainee states an official capacity claim against the Sheriff and the County under the Fourteenth Amendment's "denial of medical care framework" by stating that they "failed to act when they learned that correctional officers were not providing reasonable housing accommodations to disabled detainees." *McKinnie v. Dart*, No. 14 C 9588, 2015 WL 1117297, at *2-*3 (N.D. Ill. Mar. 10, 2015) (citing cases); *see also Blossomt*, 64 F. Supp. 3d at 1163 ("If a municipality is 'faced with actual or constructive knowledge that its agents will probably violate constitutional rights, it may

3

not adopt a policy of inaction.'") (quoting *King v. Kramer*, 680 F.3d 1013, 1021 (7th Cir. 2012)). Under such circumstances, "the unconstitutional policy is one of inaction." *McKinnie*, 2015 WL 1117297 at *3. Plaintiff's allegations are similar to those in the above-cited cases, but defendants do not distinguish these cases or argue that they were wrongly decided; indeed, defendants barely acknowledge them. The Court is not persuaded that it should diverge from this clear line of authority. By alleging that defendants knowingly failed to accommodate his disability and provide treatment for related medical conditions, plaintiff states a claim for a constitutional violation.

### B. Responsibility of Sheriff Dart for providing medical care

Defendants argue that Cook County alone, not Sheriff Dart, is responsible for providing medical care, and plaintiff therefore fails to state a claim against Sheriff Dart.

As plaintiff explains, it was the responsibility of the Sheriff, as the official who controls and supervises Cook County Jail, *see Ebrahime v. Dart*, 2010 U.S. Dist. LEXIS 125887, at *13 (N.D. Ill. Nov. 30, 2010), to "ensure that the medical needs of inmates are adequately met," regardless of whether, as a practical matter, medical tasks were actually carried out by the Sheriff or delegated to some other agency or entity. *Hampton v. Hart*, No. 09 C 6269, 2011 WL 2837407, at *7 (N.D. Ill. July 18, 2011) (citing *Roe v. Elyea,* 631 F.3d 843, 860 (7th Cir. 2011)). By alleging that Sheriff Dart failed in that responsibility, plaintiff states a claim against him.

## II. ADA/Rehab Act Claim

Defendants contend that plaintiff fails to state a claim under the ADA and Rehab Act because, while plaintiff's disability may have caused "difficulty" (Compl. ¶ 9), he was not denied access to services.

The ADA and the Rehab Act are "functionally identical," *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015), because the relief they provide is coextensive, *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012).[1] To state a claim under these statutes, plaintiff must allege that he is a qualified disabled person who was denied access to a program or activity because of his disability. *Jaros*, 684 F.3d at 672. "Refusing to make reasonable accommodations is tantamount to denying access." *Id.*

"Adequate . . . facilities to wash and use the toilet are among the 'minimal civilized measure of life's necessities' that must be afforded prisoners." *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). An inmate may state a claim under the ADA/Rehab Act by alleging that his disability "kept him from accessing . . . showers on the same basis as other inmates." *Jaros*, 684 F.3d at 672.

Defendants contend that plaintiff is attempting to state a claim under the ADA/Rehab Act because he was denied not reasonable accommodations but "hotel accommodations." But plaintiff's complaint can fairly be read to allege that he was denied even reasonable accommodations that would allow him to access showers, toilets and other common facilities "on the same basis as other inmates."

Defendants cite the Seventh Circuit's recent decision in *Wagoner* in support of their position, but *Wagoner* provides no such support. First, from a procedural standpoint, *Wagoner* is of limited usefulness to defendants at this early stage of the proceedings because the Seventh

---

[1] The Rehab Act includes the additional requirement that the defendant must receive federal funds. *Jaros*, 584 F.3d at 671. Plaintiff "makes no mention of or allusion to federal funding of any sort," which may provide a basis for dismissing the Rehab Act claim. *Garfield v. Cook Cty.*, No. 08 C 6657, 2009 WL 4015553, at *1 (N.D. Ill. Nov. 19, 2009). However, in *Phipps v. Sheriff of Cook County.*, 681 F. Supp. 2d 899, 913 (N.D. Ill. 2009), a case the parties cite in the briefing, the plaintiffs "submitted evidence indicating that the Cook County Sheriff's Office has received federal funds since at least 2003." In the present motion, defendants do not raise the issue of whether the Sheriff's Office or the Jail receives federal funding, so the Court will assume for purposes of this motion that Cook County and its Sheriff's Office do receive federal funds and are subject to the Rehab Act.

Circuit was reviewing the district court's ruling at the summary judgment stage, not the motion to dismiss stage. Second, *Wagoner* is distinguishable because the only claim that was not procedurally barred or mooted in that case was held to have been insufficiently pleaded because the plaintiff did not allege "that the failure to provide him with . . . a wheelchair-ready van . . . denied him access to any services or programs." 778 F.3d at 592-93. The plaintiff merely alleged that he was "inconvenienced with longer waits and humiliation" by the lack of access to a wheelchair-ready van. *Id.* at 593. In this case, plaintiff's allegations go significantly deeper. As explained above, plaintiff has alleged that defendants failed to make reasonable accommodations to provide him with access to critical services, including showering and toileting, on the same basis as other inmates. Further, unlike the plaintiff in *Wagoner*, he has alleged that the "lack of special transportation vehicles," in conjunction with "inadequate scheduling," resulted in the "consistent[] depriv[ation] of access to Stroger Hospital for essential medical services." (Compl. ¶ 15.) These allegations are sufficient to survive a motion to dismiss. *See McKinnie*, 2015 WL 1117297 at *5.

## CONCLUSION

For the reasons set forth above, the Court denies defendants' motion to dismiss [33].

**SO ORDERED.**

                  **ENTERED: July 9, 2015**

                  _____
                  **HON. JORGE L. ALONSO**
                  **United States District Judge**